IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kyle Sakos, et al.,                               Case No. 3:08 CV 1393

                 Plaintiffs,              MEMORANDUM OPINION
                                           AND ORDER
       -vs-
                                          JUDGE JACK ZOUHARY
Shenandoah University,

                 Defendant.

This matter is before the Court on Defendant's Notice of Removal (Doc. No. 1). The Court will address the issue of subject matter jurisdiction *sua sponte*.

Defendant asserts this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship. The Court agrees the controversy is between citizens of difference states, but the Court finds it lacks jurisdiction because the amount in controversy does not exceed $75,000.

The removing party bears the burden of proving by a preponderance of the evidence that removal is proper. *See Pullman v. Jenkins*, 305 U.S. 534, 540 (1939); *Her Majesty the Queen in Right of Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir.1989). "Any doubt as to whether the removal is proper should be resolved in favor of remand to state court." *Lewis v. Exxon Mobil Corp.*, 348 F. Supp .2d 932, 933 (W.D. Tenn .2004), *citing Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir.1977).

Defendant asserts that because there are three Plaintiffs and each is seeking individual damages in excess of $25,000, the amount in controversy, in the aggregate, must be greater than $75,000. However, claims generally may not be aggregated to determine the amount in controversy.

Aggregation is only permissible when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). The Sixth Circuit holds that "[a]n identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983). This is not the situation here. Each Plaintiff could recover individual, and different, damages for the claims of emotional distress, breach of contract, and state law violation. There is no common and undivided interest, no general fund, such as an estate, from which each party may recover only his or her share. Therefore, Plaintiffs' damages may not be aggregated to reach the greater than $75,000 requirement.

Defendant alleges no other means to reach the jurisdictional threshold of $75,000. Removal under 28 U.S.C. § 1441 is therefore inappropriate. The case is remanded back to the Lucas County Court of Common Pleas.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 25, 2008